UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV00492 ERW |
| | ) |
| ST. ANTHONY'S MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Deposition Attendance and Enforce Subpoena Duces Tecum [doc. #18], Defendant St. Anthony's Medical Center's Motion for Protective Order [doc. #19], Defendant St. Anthony's Medical Center's Motion to Quash Plaintiff's Subpoenas and Request for Sanctions [doc. #21] and Defendant St. Anthony's Medical Center's Motion for Sanctions [doc. #23]. Hearing was held on March 12, 2009, and the Court heard arguments from Defendant on the pending Motions. Neither Plaintiff nor Plaintiff's counsel appeared for this hearing.

**I.  SUBPOENAS FOR DEPOSITION AND DOCUMENTS**

On February 23, 2009, Plaintiff served a subpoena duces tecum on Thomas Rockers, Renee Rockwell, Carrie Nolfo and the Custodian of Records to appear for depositions with records concerning hiring, discipline, and the termination of employees within the past three years. These individuals objected to the subpoena, and on March 6, 2009, Plaintiff served a second set of subpoenas expanding the document request to encompass a five year period. In her Motion, Plaintiff states that these records are necessary to fully depose these individuals. Plaintiff asks that

the Court compel these individuals to appear for deposition on March 13, 2009 with the requested documents.

Defendant states that these subpoenas seek over 600,000 pages of documents, and asserts that they are not reasonably calculated to lead to the discovery of admissible evidence. Defendant states that a subpoena duces tecum is not the proper vehicle to request a deposition or the production of documents, and also asserts that Plaintiff failed to tender witness fees. Defendant asks that the Court quash the subpoenas and enter a protective order delaying the depositions of these individuals until the underlying discovery dispute involving these documents is resolved. Additionally, Defendant has asked for sanctions, asserting that Plaintiff's subpoenas were intended to harass Defendant and multiply the costs of these proceedings.

The Court agrees with Defendant that a subpoena was not the proper method under the federal rules for Plaintiff to seek to depose these individuals or request these documents. Document requests are to be served on the other party pursuant to Fed. R. Civ. P. 34, and depositions are governed by Fed. R. Civ. P. 30. As a result, the Court agrees that quashing the subpoenas is appropriate. The language Plaintiff uses to describe the documents she seeks is vague and overbroad. If Plaintiff requires these documents, she should file a narrowly tailored request under Fed. R. Civ. P. 34.

A district court has broad discretion in imposing sanctions. *Everyday Learning Corp. v. Larson*, 242 F.3d 815 (8th Cir. 2001). District courts may refuse to allow the party to support or oppose certain claims or defenses, prohibit the introduction into evidence of designated matters, strike out pleadings, dismiss the action, or even render a default judgment against the party. Fed. R. Civ. P. 37. Additionally, a court may require the party to pay for expenses reasonably incurred by the opposing party. Fed. R. Civ. P. 16. The Court believes that an award of costs and

attorney's fees is appropriate in this instance, and orders Defendant to submit documentation of their expenses to the Court.

## II. PLAINTIFF'S DEPOSITION

Defendant asks that the Court sanction Plaintiff's counsel, Mr. Harter, based upon his conduct at the February 27, 2009 deposition of his client, Debora Craig. Mr. Harter arrived late and initially refused to produce his client because she was not under subpoena. After the deposition began, Mr. Harter disrupted the proceedings by making argumentative and suggestive objections, conducting private conversations with his client, instructing his client not to answer questions without asserting a privilege, and answering questions on behalf of his client.[1] Mr. Harter's objections and commentary took up approximately 45 pages (20%) of the deposition transcript.

> The federal rules state that objections:
>
> must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in an nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). The Court has reviewed the transcript, and the disruptions caused by Mr. Harter were serious. "The court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays

---

[1] In the transcript, the court reporter indicated that "a discussion was held between the witness and Mr. Harter." If Mr. Harter engages in discussions during future depositions, "any such conference is not covered by the attorney-client privilege [and the] deposing attorney is therefore entitled to inquire about the content thereof" unless the purpose of the conference is to determine if a privilege applies. *Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 535 (M.D. Pa. 2002) (internal citations omitted). If the conference is for the purpose of determining whether a privilege applies, the procedure detailed in *Plaisted* should be followed. *See id.*

or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The deposition transcript demonstrates that Mr. Harter did not comply with this rule.

Mr. Harter engaged in at least ten conversations with his client during the deposition. Conversations such as these "interfere with the deposing attorney's pursuit of the truth and allow the witness's attorney to suggest answers to the witness." *Cordova v. United States*, 2006 WL 4109659, at *2 (D.N.M. July 30, 2006). Additionally, Mr. Harter's objections were unreasonable as attorneys may not make "any comments, either on or off the record . . . which might suggest or limit a witness's answer." *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 303 (E.D. Mo. 1995) (internal citations omitted).

The Court believes that an award of reasonable expenses and attorney's fees incurred by Defendants is an appropriate sanction in this instance, and orders Defendant to submit documentation of its expenses to the Court. Additionally, the Court agrees that Plaintiff's deposition is unusable, and will allow Defendants to re-depose Plaintiff. As the Parties are approaching the end of the discovery period in this action, the Court will extend the discovery deadline in this case. The previous deadline is vacated, and all discovery must be completed by April 8, 2009.

The Court reminds Mr. Harter that at this deposition "there is a duty imposed upon counsel to deal fairly and sincerely with the court and opposing counsel so as to conserve the time and expense of all, and that actions may be litigated in an orderly manner." *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 57 (S.D.N.Y. 2001) (quoting *Learning Int'l Inc. v. Competence Assurance Sys.*, 1990 WL 204163, at *1 (S.DN.Y. 1990)). "Except when protecting a privilege, or in extraordinary circumstances . . . counsel cannot prevent witnesses from answering questions. Instead, counsel must make their objections on the record and rely on the court to rule upon the

objections if the parties use the deposition in later proceedings." *J.C. v. Soc'y of Jesus, Oregon Province*, 2006 WL 3158814, at *6 (W.D. Wash Oct. 27, 2006). If Mr. Harter chooses to object to any question, his objection must succinctly and simply state the legal basis for the objection, with no additional commentary.

"A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding what questions the witness should answer." *Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 534 (M.D. Pa. 2002) (internal citations omitted). If the Plaintiff is confused about a question, "the witness may ask deposing counsel to clarify the question; securing clarification is not the job of the witness' counsel." *Cordova*, 2006 WL 4109659, at *2.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Deposition Attendance and Enforce Subpoena Duces Tecum [doc. #18] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant St. Anthony's Medical Center's Motion for Protective Order [doc. #19] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant St. Anthony's Medical Center's Motion to Quash Plaintiff's Subpoenas and Request for Sanctions [doc. #21] is **GRANTED.** Defendant shall submit documentation of its expenses to the Court.

**IT IS FURTHER ORDERED** that Defendant St. Anthony's Medical Center's Motion for Sanctions [doc. #23] is **GRANTED.** Defendant shall submit documentation of its expenses to

the Court. Additionally, Defendant is permitted to conduct a new deposition of Plaintiff, starting from the beginning. Defendant shall have its full seven hours for this deposition.

**IT IS FURTHER ORDERED** that the following guidelines for the deposition of Debora Craig be imposed:

1.  At the beginning of the deposition, deposing counsel shall instruct Debora Craig to ask deposing counsel, rather than her own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.
2.  Mr. Harter shall not direct or request that his client not answer a question, unless he has objected to the question on the ground that the answer is protected by a privilege, or to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).
3.  Mr. Harter shall not make objections or statements which might suggest an answer to his client. Objections should be succinct, stating the basis of the objection and nothing more.
4.  Counsel may not engage in private, off-the-record conferences with his client during the deposition or during breaks or recesses, except for the purpose of deciding whether to assert a privilege; and, any off-the-record conference is a proper subject for inquiry by deposing counsel to ascertain whether it was done in violation of this Order.
5.  Deposing counsel shall provide to Mr. Harter a copy of all documents shown to Debora Craig during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to Debora Craig. Mr. Harter and his client do not have a right to discuss documents privately before she answers questions about them.

**IT IS FURTHER ORDERED** that the previous discovery deadline is vacated, and all discovery must be completed by April 8, 2009.

So Ordered this 12th day of March, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE