UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORA CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV00492 ERW |
| | ) | |
| ST. ANTHONY'S MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Rehearing and Plaintiff's Counsel's Request for Leave to Withdraw [doc. #26], Plaintiff's Motion to Reconsider Sanctions and Orders for Failure of Notice and Failure to Provide Five and Fourteen Days to Respond [doc. #28], Plaintiff's Motion for Withdrawal of Counsel with Consent [doc. #31], Defendant St. Anthony's Medical Center's Motion to Compel Discovery [doc. #34] and Plaintiff's Motion for 30-Day Extension of Deadlines [doc. #39]. A hearing was held on March 30, 2009, and the Court heard arguments on the pending Motions.

The Court will grant Mr. Harter's request to withdraw as Plaintiff's counsel, and will hold in abeyance Plaintiff's Motion to Reconsider Sanctions. The Court has reviewed the documents Defendant seeks in it's Motion to Compel, and finds that Plaintiff's journal should be produced to Defendant. Plaintiff's counsel indicated at the hearing that he needed time to review the journal, but barring an objection, he stated that he would provide the journal to Defendant by Friday.

Plaintiff asks that the Court extend the discovery and ADR deadlines. The discovery deadline in this action is currently set for April 8, 2009. Defendant asserts that extending discovery would be prejudicial and increase the costs of this action, however, Plaintiff would

certainly be prejudiced by not having this discovery.  The Court finds that an extension of the discovery deadlines is necessary.  The Parties shall work together to narrow the discovery requests Plaintiff has previously served upon Defendants, and leave is granted to take the depositions of Plaintiff, Ms. Nolfo and Ms. Rockwell.  These depositions must be taken within thirty (30) days.  To the extent that Ms. Nolfo or Ms. Rockwell possess files regarding Plaintiff, those files must be produced to Plaintiff.  Defendant must also produce any organizational charts, policy manuals, and supervisory manuals for the laboratory division in which Plaintiff worked, that were created or utilized between 2004 and the present.  Finally, Defendant must disclose any age discrimination complaints made to the EEOC or the Missouri Human Rights Commission and complaints and petitions filed against Defendant for the period of 2004 to the present.  These files, documents, complaints and petitions must be produced within ten (10) days.  Plaintiff may serve limited and narrow discovery requests upon Defendant, however, any new discovery sought must be related only to the laboratory division in which Plaintiff worked.

Defendant shall maintain a separate file detailing all costs incurred in complying with the discovery detailed above, since the Court may consider imposing costs against Plaintiff for this discovery which the court believes is necessitated by delay caused by Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Rehearing and Plaintiff's Counsel's Request for Leave to Withdraw [doc. #26] is **GRANTED, in part,** and **DENIED, in part.** Plaintiff's Motion for Rehearing is denied, however, counsel's request to withdraw is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Sanctions and Orders for Failure of Notice and Failure to Provide Five and Fourteen Days to Respond [doc. #28] shall be held in **ABEYANCE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Withdrawal of Counsel with Consent [doc. #31] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant St. Anthony's Medical Center's Motion to Compel Discovery [doc. #34] is **GRANTED.** Plaintiff shall disclose the journal and any performance evaluations or corrective evaluation forms in her possession by **12:00 p.m.** on **Friday, April 3, 2009.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for 30-Day Extension of Deadlines [doc. #39] is **GRANTED, in part.** The additional discovery that is permitted is detailed above. The previous case management order is vacated, and the following dates are hereby ordered:

1. The parties shall complete <u>all</u> discovery no later than **May 8, 2009**.

2. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

3. This case has already been referred to Alternative Dispute Resolution and the referral termination deadline is extended up to and including **May 15, 2009**.

4. Any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **June 1, 2009**. Briefs in opposition shall be filed within twenty (20) days and any reply briefs shall be filed within five(5) days thereafter.

5. The final Pretrial Conference will be held on **September 4, 2009**, at **9:30 a.m.** in Courtroom 12 South of the U.S. District Court.

**II.   ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **September 14, 2009**, at **8:30 a.m.** in Courtroom 12 South of the U.S. District Courthouse.   This is a **three** week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. Stipulation:  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

**2.** Witnesses:

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.** Exhibits:

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall mark exhibits P-1, P-2, P-3, etc.  Defendants shall mark exhibits D-1, D-2, D-3, etc.)  and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each

business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)     All written exhibits, exceeding one page, in documentary form to be offered in evidence that will be shown to the jury must be accompanied by an exact duplicate for each juror. (**This does not apply to exhibits shown electronically**.) No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

**4.**     Depositions, Interrogatory Answers, and Request for Admissions:

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fifteen (15) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)     Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5.**     Instructions:

(a) Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fifteen (15) days before trial** in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

(b) Eighth Circuit Jury Instructions <u>will</u> be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

(c) Parties shall submit a "clean" copy and a "dirty" copy of each instruction proffered. A "clean" copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

**6.** <u>Trial Brief</u>: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7.** <u>Motions In Limine</u>: File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, **at least fifteen (15) days before trial.**

Failure to comply with any part of this order may result in the imposition of sanctions.

So Ordered this <u>2nd</u> day of <u>April</u>, 2009.

                                               E. RICHARD WEBBER
                                               UNITED STATES DISTRICT JUDGE