UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV00492 ERW |
| | ) |
| ST. ANTHONY'S MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Reconsider Sanctions and Orders for Failure of Notice and Failure to Provide Five and Fourteen Days to Respond [doc. #28]. A hearing was held on June 17, 2009, and the Court heard arguments from counsel for Defendant, counsel for Plaintiff and Mr. Harter on the pending Motion.

**I.    BACKGROUND**

Mr. Harter previously served as Plaintiff's counsel in this action. While representing Plaintiff, he filed a Motion to Compel with the Court on March 10, 2009. The depositions that were the subject of this Motion were set for March 13, 2009, and the Court promptly scheduled a hearing on this Motion for March 12, 2009. Notice of this hearing was sent electronically to Mr. Harter, his wife, Mary Ann Harter, and counsel for Defendant. Mr. Harter states that he was closing his office, and did not have phone or internet service, and did not receive this notice. Mr. Harter did not contact the Court to inquire as to the status of his Motion to Compel, notify the Court that he did not have phone or internet service, or ask for the Court to contact him regarding any action on his Motion to Compel.

On March 11, 2009, after the Court had already set the March 12, 2009 hearing, Defendant responded to Plaintiff's Motion. In response to Plaintiff's Motion to Compel,

Defendant filed a Motion for Protective Order [doc. #19] and a Motion to Quash Subpoenas and Request for Sanctions [doc. #21]. When Mr. Harter did not appear for the hearing, the Court attempted to call Mr. Harter, but was unable to reach him.

The Court considered the evidence presented by the Parties. Plaintiff's Motion to Compel dealt with a subpoena duces tecum on Thomas Rockers, Renee Rockwell, Carrie Nolfo and the Custodian of Records on February 23, 2009. This subpoena asked these individuals to appear for depositions with records concerning hiring, discipline, and the termination of employees within the past three years, constituting over a half-million pages of documents. Defendant objected to the subpoena, both because the manner Plaintiff sought this discovery was improper, and because the request was over-broad and excessively burdensome. In response to Defendant's objections, on March 6, 2009, Plaintiff served a second set of subpoenas expanding the document request to encompass a five year period.

Plaintiff's second set of subpoenas sought over 800,000 pages of documents, and provided these witnesses with only seven days to respond. The Court found that the request was vague and overbroad, and determined that it was harassing. The Court then considered sanctions, and found that Mr. Harter should have to pay for the costs Defendant reasonably incurred in defending against these unreasonable subpoenas. The Court ordered Defendant to submit documentation of their expenses to the Court.

In Defendant's Motion to Quash Subpoenas and Request for Sanctions [doc. #21], Defendant also asked that the Court sanction Mr. Harter for his behavior at Plaintiff's deposition. Mr. Harter arrived late to this deposition, and and initially refused to produce his client because she was not under subpoena. After the deposition began, Mr. Harter disrupted the proceedings by making argumentative and suggestive objections, conducting private conversations with his

client, instructing his client not to answer questions without asserting a privilege, and answering questions on behalf of his client. Mr. Harter's objections and commentary took up approximately 45 pages (20%) of the deposition transcript.

The Court reviewed the transcript, and determined that the disruptions caused by Mr. Harter were serious. The Federal Rules state that "[t]he court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Court found that Mr. Harter did not comply with this rule.

Mr. Harter engaged in at least ten conversations with his client during the deposition. Additionally, Mr. Harter's objections were unreasonable as attorneys may not make "any comments, either on or off the record . . . which might suggest or limit a witness's answer." *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 303 (E.D. Mo. 1995) (internal citations omitted).

The Court found that an award of reasonable expenses and attorney's fees incurred by Defendants was appropriate, and ordered Defendant to submit documentation of its expenses to the Court. Additionally, the Court determined that Plaintiff's deposition was unusable, and allowed Defendants to re-depose Plaintiff. Defendant subsequently submitted documentation of its expenses to the Court, showing itemized attorneys fees of $15,770.70 and costs of $1,465.88, totaling $17,236.58.

Mr. Harter filed two Motions for Reconsideration [doc. 26 & 28]. The first was entitled "Plaintiff's Motion for Rehearing Plaintiff Counsel Request for Leave to Withdraw" [doc. #26], and the second was labeled "Plaintiff's Motion to Reconsider Sanctions and Orders for Failure of Notice and Failure to Provide Five and Fourteen Days to Respond" [doc. #28]. Mr. Harter filed

the first Motion after he called chambers and learned that the Court had issued an Order sanctioning him, but before the Order had been docketed. The first motion for reconsideration was generic, does not address any of the issues for which he was sanctioned, and primarily asked that he be permitted to withdraw as counsel for Plaintiff. Mr. Harter filed the second Motion for Reconsideration after the Court's order was issued, and this Motion asserts that the notice of the hearing only listed Plaintiff's Motion to Compel, and not Defendant's Motion for Protective Order or Defendant's Motion to Quash Subpoenas and Request for Sanctions. He states that he should have been given five days to respond to the Motion to Quash Subpoenas and Request for Sanctions, and that because he wasn't given five days, and no notice of a hearing on this Motion was provided, he was not given an opportunity to be heard.

A hearing was held on both of the Motions for Reconsideration on March 30, 2009. In a Memorandum and Order dated April 2, 2009, the Court granted Mr. Harter's request to withdraw as Plaintiff's counsel. The Court denied Plaintiff's Motion for Rehearing [doc. #26] because it was moot, and ordered that Plaintiff's Motion to Reconsider Sanctions [doc. #28] be held in abeyance.

The Parties recently notified the Court that this action has been settled, and requested guidance on this unresolved issue. Plaintiff's Motion to Reconsider Sanctions [doc. #28] is the only Motion that remains pending before the Court. The Court issued a Show Cause Order on June 5, 2009, stating that Mr. Harter should appear for a hearing on June 17, 2009, and "show cause why the fees set forth in document #32 relating to Defendant's Motion for Sanctions shall not be assessed against counsel Harter." Mr. Harter filed a response to the Court's Order on June 17, 2009, and appeared before the Court later that day.

**II.   DISCUSSION**

Mr. Harter was sanctioned under Fed. R. Civ. P. 11 for the subpoenas he served upon Defendant and Fed. R. Civ. P. 30(d)(2) for his behavior during his client's deposition. Fed. R. Civ. P. 11 contains a notice requirement, stating that "notice and a reasonable opportunity to respond" must be provided. Fed. R. Civ. P. 11(c)(1). Conversely, Rule 30 states that "[t]he court may impose an appropriate sanction - - including the reasonable expenses and attorney's fees incurred by any party - - on a person who impedes, delays or frustrates the fair examination of the deponent" and the language of this rule contains no notice requirement. Fed. R. Civ. P. 30(d)(2).

The requirement under Fed. R. Civ. P. 11 that "notice and a reasonable opportunity to respond" be provided was not satisfied in this instance because the Court never notified the Parties that Defendant's request for sanctions would be addressed at the hearing. As a result, the Court's order sanctioning Mr. Harter was not appropriate. However, Mr. Harter has subsequently been given ample notice and opportunity to respond to Defendant's Motion. He has filed two motions for reconsideration, a response to the Court's Show Cause Order, and has appeared before the Court for two separate hearings on these issues. As a result, the notice requirements in Fed. R. Civ. P. 11, and any notice requirements that may be read into Fed. R. Civ. P. 30, have been thoroughly satisfied.

The Court has again considered the evidence provided by the Parties, and it is clear that sanctions are appropriate in this instance. Mr. Harter stated at the hearing on June 17, 2009 that this was his first deposition and his first case in federal court. Inexperience or lack of knowledge of the federal rules does not excuse his behavior. Mr. Harter disrupted the proceedings by making argumentative and suggestive objections, conducting private conversations with his client, instructing his client not to answer questions without asserting a privilege, and answering

questions on behalf of his client.  The disruptions caused by Mr. Harter were serious.  The Federal Rules state that "[t]he court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays or frustrates the fair examination of the deponent," and sanctions are appropriate in this instance.   Fed. R. Civ. P. 30(d)(2).  Additionally, the Court believes that sanctions are appropriate under Fed. R. Civ. P. 11 for the harassing subpoenas he served upon Defendant.

At the hearing on June 17, 2009, Mr. Harter represented to the Court that he is indigent, and does not have the funds to pay the sanction previously entered by the Court.  Defendant asserts that these sanctions should still be imposed because they should not be responsible for paying fees and costs incurred as a result of Mr. Harter's inappropriate behavior and tactics.  The Court agrees that it is unfortunate that these expenses were incurred, however, finds that it is appropriate to only issue a one thousand dollar sanction against Mr. Harter under the circumstances of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Sanctions and Orders for Failure of Notice and Failure to Provide Five and Fourteen Days to Respond [doc. #28] is **GRANTED in Part,** and **DENIED, in part.**  Mr. Harter shall pay Defendant one thousand dollars ($1,000) within sixty days of the date of this order for his violations of Fed. R. Civ. P. 11 and Fed. R. Civ. P. 30.

So Ordered this 19th day of June, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE